Turley, J.,
delivered the opinion of the court.
On the 21st day of May, 1819, Thomas H. Fletcher, a citizen of Davidson county, State of Tennessee, drew a bill of exchange in favor of James Jackson, the complainant, on the house of Luke Tiernan & Sons, of Baltimore, in the State of Maryland, for the sum of $2,400, payable sixty days after sight. Previous to the drawing of this hill of exchange, Thomas H. Fletcher had shipped to Luke Tiernan & Sons sixty one hogsheads of tobacco from the port of New Orleans, out of the proceeds of which complainant was *173 informed the bill would be paid: and in order to avoid all 1 t danger of loss from the non-payment of said bill, Fletcher, the day after the bill was drawn, transferred upon the invoice of said shipment of tobacco to the complainant, an interest in so much of the proceeds as would bo sufficient to secure him from loss. Shortly after the hill of exchange was drawn, complainant met with Charles Tiernan, ono of the firm of Luke Tiernan & Sons, in Nashville, and informed him, that the bill had been drawn, and the assignment of an interest in the tobacco made on the invoice to secure its payment, and inquired of him if there was any danger of the tobacco being attached in Baltimore by Fletcher’s creditors, and was told that there was not, and that the bill would he accepted and paid out of the proceeds of the consignment. Previous to this transaction Fletcher had been indebted to Luke Tier-nan & Sons, but the debt had been arranged and paid by a transfer of a note on other persons. After the conversation with Charles Tiernan, however, this arrangement was changed, the notes transferred were redelivered to Fletcher, and the debt due by him to Tiernan & Sons restored to its original footing, for the payment of which the tobacco was on its arrival in Baltimore attached and sold. Tiernan & Sons refused to accept the bill of exchange, and it was protested for non-payment, and this bill is filed to subject the proceeds of the tobacco in their hands to its satisfaction.
A copy of the bill and a subpoena were served on Thomas H. Fletcher, but returned non esl inventus, as to Luke Tiernan & Sons. Fletcher answers and admits the facts as charged. Tiernan & Sons filed a plea in abatement, the substance of which is, that they are the only material parties to the suit, that they are non-residents and have not been served with process. And the question now is, has this court jurisdiction of this cause? It is contended that it has, because, 1st. Thomas H. Fletcher, who has been served with process is a material party to the suit, which gives the court jurisdiction of ail other persons who are necessarily connected therewith, no matter where domiciled; and 2d, because the transaction on which the bill is filed, took place within the limits of the State of Tennessee, which by the provisions of *174 the act of 1787, c 22, § 1, and the act of 1801, c 6, § 4 14, awes the court jurisdiction in express terms. We . . J . . . ‘ . . , . will examine these propositions in the order m winch they arise.
It is a well settled principle of chancery practice, that all persons materially interested in the subject of controversy, ought generally to be made parties to the suit, either plaintiffs or defendants, however numerous they may be, so that the court may be enabled to do complete justice by settling the rights of all persons interested. This general rule, however, admits of many qualifications, one of which is, where a person who ought to be a party is out of the jurisdiction of the court, which fact being stated in the bill, and admitted by the defendants, or proved at the hearing, is in most cases a sufficient reason for not bringing him before the court, and the court will proceed without him against the other parties, as far as circumstances will permit; but if the absent party is to be active in the performance of the same, or if he have rights distinct from those of the other parties, and a decree is sought against him, the court cannot proceed to a determination against him, as where a conveyance by him is necessary, or where a mortgage is to be foreclosed against the original mortgagor or his representatives or assignees. Mit. Pleadings, 25, 133, and 134. Hence it has been well observed, there frequently arises an absolute defect of justice, which required the interposition of legislative enactment. By the principle as abov.e stated, this court could not proceed to a determination against Luke Tiernan & Sons, though Thomas H. Fletcher were a party materially interested in the subject of the controversy, as their rights are wholly distinct from his, and the decree to be made effectual would have to be pursued against them. But this defect in chancery practice has been remedied by our act of 1787, c 22, § 1, which provides, that where, any defendant or defendants against whom a subpena shall issue, are non-residents, and shall iail to enter an appearance, the court may, upon affidavit of the fact, make an order for such defendants to appear by a certain time therein named, which order shall within sixty days after it is made, be published in some Gazette within the *175 state, for such length of time as the court may direct; and , J . if tlie time specified for the appearance be permitted elapse, the bill may, as to them, be taken pro con/esso, and a decree made thereon as though they were present. Under this statute it has always been held, that where process can be served on one material parly, the court can obtain jurisdiction of all others, no matter were resident, and may proceed to decree the things in dispute, although the rights of the non-resident defendants may be wholly distinct from those before the court. What constitutes a material, defendant? An interest in the matter of controversy, a right which is to be effected by the decree. If one have no interest in the controversy, can be neither gainer or loser by its result, and no decree can be rendered either for or against him, he need not be made a party to the bill. In the case now under consideration, the bill is filed by the complainants, to subject a fund in the hands of Luke Tiernan & Sons, on which he alledges he has an equitable lien. What interest has Fletcher in this fund — and how are his rights to be effeted by any decree which may be given in the case? At the time the lien was given, he was the legal owner of the property out of which the fund was created, and had he so continued he would have been a necessary party to the suit, as tbs possession of the consignees would have been his; but he does not so continue, for the property has been attached and sold by his creditors, and the proceeds thereof applied to the payment of his debts. By (his proceeding his right to the properly or fund arising out of it, is as completely gone as if it had never existed. Could he have maintained an action for the tobacco against the purchaser under the execution? Certainly not: he would have been met by the answer, your right has been transferred to me by law. Could he have maintained an action for the money realised by the sale of the tobacco against his creditors and consignees, L. Tiernan & Sons? Surely not. He would have been met by the answer, your money has been appropriated by law to the satisfacción of my demands against you. Then he has no interest in the fund which can be effected by a decree, and he can have no interest in having the money taken from one creditor and given *176 {0 another, as he will still be indebted to the same amount, matter to which of the contending parties it may be decreed. It is equally certain, that no decree can be rendered either for or against him in this case. For though the complainant has a claim against him, as the drawer of the dishonored bill of exchange, yet it is a legal demand, and cannot be enforced in equity, and this bill is filed to subject the fund, not to make him personally responsible; then it follows clearly, that he is not a material party to this suit, and that his having been made so, does not give this court jurisdiction.of the persons of Luke Tiernan & Sons.
If Thomas H. Fletcher be not a material party, and the court through him cannot obtain jurisdiction of L. Tiernan & Sons, is there any thing else in the Statutes of 17S7, c 22, § 1, and 1 SOI, c 6, § 4 and 14, which gives to this court jurisdiction. The act of 1787, c 22, was obviously passed to remedy the rule before referred to, which prevented courts of chancery from giving decrees in the cases specified where a defendant or defendants were non-residents, and perhaps it was not expected by its framers, that the latitudinariau construction now contended for, would ever be asked of the courts; to wit, that a court of equity might take jurisdiction of non-residents, in all cases where the ground or cause of action or the transaction on which the bill may be filed took place within the limits of this state, even though there might be no material defendant within its jurisdiction upon whom to serve process. But whether this be the true construction of the statute or not, it is not necessary for us notv to determine, as we are satisfied this case does not fall within its provisions. Avery ingenious argument is made upon the word “transaction,” as contradistinguished from the words, “ground or cause of action,” but we think with more ingenuity than reason. This statute increases the jurisdiction of courts of chancery as to the persons of non-residents, to a considerable extent, under any construction, hut to a very great and what may be a dangerous extent, under the construction contended for; and the proviso that it shall not extend to any cases where the ground or cause of action, or the transaction out of which the controversy arises, did not take place in this *177 state, is a wise one, and must be enforced according to its / ’ ° spirit and meaning. A . . °
. . It is admitted, that the ground or cause of action against L. Tiernan and Sons did not take place in this state, but itis said, that the transaction on which the bill is brought did, and an attempt is made to show that the drawing the bill of exchange, the assignment of an interest in the bill cf lading, and the information thereof, which was communicated to Charles Tiernan in this State, constitutes the transaction,
Til's is clearly fallacious. They form a part of the transaction, but by no means the whole; if they did, no recovery could ever be bad against L. Tiernan & Sons. The drawing the bill was necessary to the creation of the debt; the assignment of the invoice, to the creation of the lien, and the notice thereof, to effect the conscience of the consignees, and to make them trustees for the complainant; but it was the reception of the tobacco, the sale and receipt of the money that fixed their liability, and that took place in the State of Maryland. The transaction then did not take place in Tennessee. Portions of it did, but that portion of it which is the gist-of this proceeding, without which L. Tiernan and Sons could never be made responsible, did not.
The word “transaction” is spoken of as an entire thing, and if it does not take place within the state, the statute does not apply. It is manifest, that the act does not contemplate the injustice of compelling non-residents to litigate their rights in the courts of this state upon contracts or liabilities created abroad. Yet such must be its construction if we entertain jurisdiction of this bill. The act of 1801, c 6, § 4, which is also relied on for sustaining the jurisdiction of the court in this case, provides for a different subject altogether; the second and third sections specify the mode by which property of non-resident debtors may be reached by their non-resident creditors, and give a bill in chancery for that purpose upon the production of a judgment at law and execution thereon against the debtor, and the fourth section directs the practice to be pursued in cases of this kind, before a decree shall be given. The fourteenth section creates no new powers; *178 it merely reiterates what had been previously provided for, to wit, that in all cases, except debts contracted in other states, and which had been provided for in the previous section of the statute, upon a return of non est inventus, publication should be made as heretofore, that is, as had been provided for by the act of 1787, c 22.
There being nothing then by which the court has obtained' jurisdiction of the persons of Luke Tiernan & Sons, the court below committed no error in abating the bill, and we affirm the decree.
Decree affirmed.